IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH D. NEFF, | No. 4:23-CV-01601 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENN. LEGISLATORS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 31, 2023

Plaintiff Keith D. Neff lodged the instant *pro se* civil rights lawsuit under 42 U.S.C. § 1983 in September 2023. He has moved for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. However, because Neff has filed at least three federal lawsuits while incarcerated that have been dismissed for failure to state a claim, and because he is not facing an imminent threat of serious physical injury, he is statutorily barred from proceeding IFP and must pay the full filing fee to proceed with this action.

I.   BACKGROUND

Neff is a well-known litigant in this Court, not only for his repeat appearances but also due to his proclivity for filing irrelevant and implausible

"memoranda" and other documents in his cases.[1]  For example, in one Section 2254 habeas case, Neff lodged more than *150* such frivolous filings.[2]

More importantly, Neff has also filed three previous civil rights lawsuits in this district that have been dismissed as meritless.[3]  All three cases were dismissed for failure to state a claim upon which relief may be granted,[4] giving Neff three "strikes" under 28 U.S.C. § 1915(g).  Neff additionally had a recent lawsuit dismissed for failing to pay the full filing fee after his motion for leave to proceed IFP was denied based on Section 1915(g).[5]  Neff has now lodged a fifth civil rights lawsuit and once again moves for leave to proceed IFP.[6]  But Neff cannot proceed IFP in this case because he has already struck out and is not in imminent danger of serious physical injury.

**II.   DISCUSSION**

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the

---

[1]  *See, e.g.*, Docs. 4-7.
[2]  *See generally Neff v. Wakefield*, 4:21-cv-1334 (M.D. Pa.).
[3]  *See generally Neff v. U.S. Bank*, 1:21-cv-1972-YK (M.D. Pa.); *Neff v. Comm'rs of Schuylkill Cnty.*, 3:21-cv-993-RDM (M.D. Pa.); *Neff v. Comm'rs of Centre Cnty.*, 3:21-cv-1342-RDM (M.D. Pa.).
[4]  *See Neff v. U.S. Bank*, 1:21-cv-1972-YK, Docs. 19, 27 (M.D. Pa.); *Neff v. Comm'rs of Schuylkill Cnty.*, 3:21-cv-993-RDM, Docs. 93, 99 (M.D. Pa.); *Neff v. Comm'rs of Centre Cnty.*, 3:21-cv-1342-RDM, Docs. 69, 75 (M.D. Pa.).
[5]  *See Neff v. Walker*, 4:23-cv-752, Docs. 33, 34, 42 (M.D. Pa.).
[6]  *See* Doc. 8.

three-strikes rule."[7] This rule is codified in Section 1915(g) of Title 28 of the United States Code and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[8]

The three-strikes rule supplies "a powerful economic incentive" for prisoners to avoid filing "frivolous lawsuits or appeals."[9]

Within Section 1915(g), Congress carved out a limited exception to the three-strikes rule, permitting a prisoner who has accrued three strikes to proceed IFP in a subsequent case if he establishes that he is facing "imminent danger of serious physical injury."[10] The United States Court of Appeals for the Third Circuit has held that an inmate "may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed."[11] "Imminent dangers" are ones which are "about to occur at any moment or

---

[7] *Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).
[8] 28 U.S.C. § 1915(g).
[9] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (*en banc*).
[10] 28 U.S.C. § 1915(g).
[11] *Abdul-Akbar*, 239 F.3d at 312.

3

are impending," not harms that have already occurred.[12] Claims of imminent danger that are "conclusory or ridiculous" do not qualify.[13]

As noted above, Neff has filed three previous civil rights cases in this District that were dismissed for failure to state a claim upon which relief may be granted. The Court additionally observes that, although case numbers 3:21-cv-993 and 3:21-cv-1342 were consolidated and dismissed in a single order, each case still counts as a strike. Consolidation does not "merge the suits into a single cause";[14] it is simply a method for a judicial officer to manage multiple related cases that promotes "convenience and economy in [judicial] administration."[15]

PLRA strike counting for consolidated cases appears to have been directly addressed by only one circuit court of appeals. In *Akassy v. Hardy*,[16] the Second Circuit held that four cases consolidated on appeal and dismissed as legally frivolous in a single order counted as four separate strikes under the PLRA.[17] In its analysis, the panel quoted favorably an earlier Second Circuit decision explaining

---

[12] *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[13] *Id.* at 468.
[14] *See Hagan v. Rogers*, 570 F.3d 146, 161 n.11 (3d Cir. 2009) (observing that, before there can be a consolidation under Federal Rule of Civil Procedure 42(a), "there are, by definition, separate actions"); *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) ("[C]onsolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 496-97 (1933))).
[15] *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 298 n.12 (3d Cir. 2005).
[16] 887 F.3d 91 (2d Cir. 2018).
[17] *See id.* at 96.

that a prisoner-plaintiff's "three separate [district court] filings that were each dismissed for failure to state a claim . . . constitute three 'prior occasions' where [the prisoner-plaintiff] has 'brought' actions dismissed for failure to state a claim[,]" 28 U.S.C. § 1915(g), and thus count as three strikes. *The [district] court's act of consolidating the three cases did not convert the dismissals into a single strike.*"[18]

The Court finds the Second Circuit's reasoning sound and consonant with Third Circuit cases discussing the effect of consolidation under Federal Rule of Civil Procedure 42(a).[19] Consequently, although Neff's civil actions in case numbers 3:21-cv-993 and 3:21-cv-1342 were eventually consolidated and dismissed together, Neff "brought" each action separately and thus each dismissed case counts as a strike under the plain language of Section 1915(g).[20]

Neff, therefore, has three strikes and he has not asserted or pled facts that indicate that he is in imminent danger of serious physical injury.[21] Accordingly, Neff's application for IFP will be denied. If Neff desires to proceed with the instant case, he must pay the requisite $402 fee, representing the $350 filing fee and $52 administrative fee applicable in the Middle District of Pennsylvania. If

---

[18] *Id.* (alterations in original) (internal quotation marks omitted) (quoting *Palmer v. N.Y. State Dep't of Corr.*, 342 F. App'x 654, 655-56 (2d Cir. 2009) (nonprecedential)).
[19] *See, e.g.*, *Hagan*, 570 F.3d at 161 n.11; *Cella*, 173 F.3d at 912.
[20] *See Akassy*, 887 F.3d at 96; *Palmer*, 342 F. App'x at 655-56.
[21] Neff's instant complaint appears to attempt to collaterally attack his state convictions, claiming vague and undeveloped due process violations. *See* Doc. 1 at 4. Neff is clearly asserting past harms, not impending ones, and thus cannot avail himself of the "imminent danger" exception. *See Ball*, 726 F.3d at 467.

5

Neff does not timely pay the full fee, his case will be dismissed without prejudice under 28 U.S.C. § 1914.

### III. CONCLUSION

Neff has struck out under the PLRA, so the Court will deny his motion for leave to proceed *in forma pauperis* in the instant case. If Neff wants to continue with this case, he will be required to pay the full $402 filing fee. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge